Charles E. Dorkey III (CD-8422)
S. Jane Moffat (SM-0912)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Plaintiffs Tammany*
*Atkinson and Bee's Knees, Inc.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAMMANY ATKINSON and
BEE'S KNEES, INC.,

          Plaintiffs,

    -against-

KAISER AMERICA, INC. and
MAHONY CAI

          Defendants.
------------------------------------------------------------X

**JUDGE SAND**

**08 CV 0197**
Civil Action No.

**COMPLAINT**

**ECF CASE**

Plaintiffs Tammany Atkinson and Bee's Knees, Inc. (collectively "Plaintiffs") sue Defendants Kaiser America, Inc. and Mahony Cai (collectively "Defendants") and allege as follows:

1.    This is an action for unfair competition and false designation of origin under 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a). Plaintiffs bring this action based on Defendants' unauthorized past and current use of Plaintiffs' BEE'S KNEES mark in connection with Defendants' marketing, distribution and sale of Defendants' products.

## THE PARTIES

2. Plaintiff Tammany Atkinson is an individual who resides at 1154 Burrowhill Lane, Mississauga in the Province of Ontario, Canada.

3. Plaintiff Bee's Knees, Inc. is a corporation organized and existing under the laws of the Province of Ontario with its principal place of business at 1154 Burrowhill Lane, Mississauga in the Province of Ontario, Canada.

4. Upon information and belief, Defendant Kaiser America, Inc. is a corporation organized under the laws of New York with its principal place of business at 350 Fifth Avenue, Suite 721, New York, New York, 10118.

5. Upon information and belief, Defendant Mahony Cai is an individual who resides in the State of New York and is the General Manager of Defendant Kaiser America, Inc.

## JURISDICTION

6. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and 1228(b). This court has personal jurisdiction over Defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1391(a)(1), venue is proper in the Southern District of New York, the District where Defendants reside.

## FACTS

7. Plaintiff Tammany Atkinson is the inventor and creator of Bee's Knees, a line of clothing and cushioned pants for babies with neoprene padding in the knees. The

pants are designed with reinforced crawler kneepads in the form of spongy neoprene inserts to protect a baby's delicate knees from the scrapes and bruises that result from crawling on hard surfaces.

8. As a young mother of two children, Plaintiff Tammany Atkinson identified the need to protect a baby's delicate knees and began making the padded pants in 2003. That same year, Plaintiff Tammany Atkinson learned that her then 16-month-old son was profoundly deaf and needed a cochlear implant to hear.

9. Plaintiffs' website (www.beeskneesbaby.com) contains pictures of the padded crawling pants and information about Plaintiffs' support for the Learning to Listen Foundation. A detailed picture of Plaintiffs' padded crawling pants is attached as Exhibit A.

10. A United States Patent Application was filed on August 24, 2005 for plaintiff Tammany Atkinson's padded crawling pants. The patent application is in good standing and is pending with the United States Patent and Trademark Office as United States Patent Application 20070044195.

11. United States Trademark Applications were filed for BEE'S KNEES on May 4, 2006. United States Trademark Application 78876298 was published for opposition on November 13, 2007 and upon information and belief, no oppositions have been filed. A response for United States Trademark Application 78876369 was filed on December 13, 2007. Both United States Trademark Applications are in good standing and are pending with the United States Patent and Trademark Office.

12. On May 5, 2006, plaintiff Tammany Atkinson entered into the Licensing Agreement with Defendants.

13. Plaintiff Tammany Atkinson was introduced to Defendants by Michael Kipperman, who became employed by Defendants shortly after the Licensing Agreement was signed. Unbeknownst to Plaintiffs, Michael Kipperman was, upon information and belief, working with Defendants while purporting to help Plaintiffs negotiate a licensing agreement with Plaintiffs.

14. It was acknowledged in the Licensing Agreement that Tammany Atkinson, the Licensor, would incorporate and assign the Licensing Agreement to a newly-formed corporate entity.

15. On or about May 26, 2006, plaintiff Tammany Atkinson incorporated Bee's Knees, Inc. under the laws of Ontario for the purpose of carrying on her business.

16. Pursuant to Section 2 (Grant of Rights) of the Licensing Agreement, Plaintiffs granted Defendants the following rights in connection with their Bee's Knees products:

> 2.(d) Licensor hereby grants to Licensee the exclusive right during the Term and any renewal term to manufacture or have manufactured for and to promote, advertise, distribute and sell the Licensed Product utilizing the Property throughout the Territory. If one of more Patents are issued, Licensor hereby grants to Licensee the exclusive right under the Patent(s) to make, use, sell and promote the Property throughout the Territory, providing the Licensor is actively selling and marketing in those Channels of Distribution.

17. The Licensing Agreement was signed for a term of four years.

18. "Licensed Product" was defined in Exhibit B to the Licensing Agreement as "Kids and Infant's Apparel, namely Infant Knee Protective Garment."

19. "Property" was defined in the Licensing Agreement as designs, trademarks and knee protective devices belonging to Plaintiffs. The "Property" was further identified in Exhibit A to the Licensing Agreement.

20. The Licensing Agreement contained a provision identifying the relevant territory as North America.

21. The Licensing Agreement identified the channels of distribution as retail department stores. The channels of distribution were further identified in Exhibit B to the Licensing Agreement.

22. Defendants were required to pay royalties to Plaintiffs pursuant to the Licensing Agreement.

23. Defendants failed to make any payments to Plaintiffs and failed to meet their obligations under the Licensing Agreement.

24. Defendants expressly warranted that the Licensed Products they manufactured pursuant to the Licensing Agreement would be free of defects in design, material and workmanship as follows:

> 6. **QUALITY AND APPROVALS.**
> (e) Licensor warrants that the Licensed Products shall be free of defects in design, material and workmanship and shall be suitable for their intended purpose;

25. After entering into the Licensing Agreement, Plaintiffs never received shipments of anything other than defective products from Defendants. All the Licensed Products received by Defendants were defective.

26. Defendants never performed under the Licensing Agreement and lacked the competence and ability to perform under the Licensing Agreement.

27. Plaintiffs were unable to sell any of the products sent to them by the Defendants. Plaintiffs were thus unable to successfully carry on their business.

28. Defendants' breaches of the Licensing Agreement resulted in the loss of Plaintiffs' customers and revenue and damaged Plaintiffs' reputation for quality with existing and potential customers and retailers.

29. According to the Licensing Agreement, Plaintiffs could terminate the Licensing Agreement in the event Defendants failed to make payments to Plaintiffs:

> 12. **BREACH AND TERMINATION.**
>
> (a) Licensor shall have the right to terminate this Agreement immediately by written notice to the Licensee in the event that
> i. Licensee fails to make any payments set forth in Section 4 hereof; .
> ...
> (c) Except as provided in subsection (f) below, upon the termination or expiration of this Agreement, Licensee agrees to immediately and permanently discontinue the manufacture, sale and distribution of the Licensed Products, and to immediately and permanently discontinue use of the Property.

30. Plaintiffs made repeated efforts to communicate with Defendants regarding the Licensing Agreements and Defendants' obligations thereunder. For months, Defendants ignored Plaintiffs' repeated efforts to communicate.

31. As of result of Defendants' repeated breaches of the Licensing Agreement, Plaintiffs terminated the Licensing Agreement by written notice in accordance with Section 12 of the Licensing Agreement in a letter dated June 5, 2007.

32. Notwithstanding Plaintiffs' termination of the Licensing Agreement, Defendants' continue to manufacture, distribute and sell products bearing the BEE'S KNEES mark.

33. Defendants are using BEE'S KNEES as a trademark with the intent and purpose of trading on the good will built upon by Plaintiffs in Plaintiffs' BEE'S KNEES mark and to reap the benefits of years of effort and investment by Plaintiffs to create public recognition of Plaintiffs' BEE'S KNEES mark and the products sold thereunder.

34. Upon information and belief, Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

35. Upon information and belief, Defendants' acts of imitation have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

## FIRST CLAIM FOR RELIEF
## UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1))

36. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 35 as though more fully set forth herein.

37. Plaintiffs are the valid owners of the BEE'S KNEES mark which is a protectable trademark entitled to full recognition and protection under federal trademark law.

38. Defendants' unauthorized use of Plaintiffs' BEE'S KNEES mark in connection with Defendants' products infringes Plaintiffs' exclusive rights in Plaintiffs' mark, is likely to cause confusion, mistake, or deception, and constitutes unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

39. Defendants have used the BEE'S KNEES mark with full knowledge of the prior use of the BEE'S KNEES mark by Plaintiffs.

40. Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 40 as though more fully set forth herein.

42. Defendants' unauthorized use of Plaintiffs' BEE'S KNEES mark in connection with Defendants' products constitutes false designation of origin, a false description and representation of Defendants' goods and a false representation that Defendants' goods are sponsored, endorsed, licensed, authorized and/or affiliated or connected with Plaintiffs.

43. Upon information and belief, Defendants have knowingly used Plaintiffs' BEE'S KNEES mark with full knowledge of the prior use of Plaintiffs' BEE'S KNEES mark by Plaintiffs.

44. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment as follows:

1. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

   (a) using or authorizing any third party to use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' BEE'S KNEES mark in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

   (b) imitating, copying or making any unauthorized use of Plaintiffs' BEE'S KNEES mark or any copy, simulation, variation or imitation thereof;

   (c) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiffs;

   (d) using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiffs or tend to do so;

   (e) registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin any mark, trade dress or name including the BEE'S KNEES mark or any other mark or domain name that infringes on or is likely to be confused with Plaintiffs' BEE'S KNEES mark;

   (f) engaging in any other activity constituting unfair competition with Plaintiffs, or constituting and infringement of Plaintiffs' BEE'S KNEES mark; and

   (g) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (f).

  2. Requiring Defendants to formally abandon with prejudice any and all applications to register any trademark, service mark, or trade dress consisting of, containing, or confusingly similar to Plaintiffs' BEE'S KNEES mark either alone or in combination with other words and/or designs.

  3. Requiring Defendants to direct all distributors, retail establishments or wholesale establishments to cease the distribution or sale of any and all infringing products.

  4. Directing Defendants to deliver for destruction all products and goods, advertisements for such, and other materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiffs' BEE'S KNEES mark, used alone or in combination with other words and/or designs.

  5. Directing such other relief as the Court may deem appropriate to prevent trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiffs or related in any way to Plaintiffs' products.

  6. Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

7. Awarding Plaintiffs such damages as they have sustained or will sustain by reason of Defendants' unfair competition and injury to business reputation.

8. Awarding Plaintiffs all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Plaintiffs an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

9. Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

10. Awarding Plaintiffs their costs and disbursements incurred in this action, including their reasonable attorney's fees.

11. Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: January 9, 2008
      New York, New York

                                         Respectfully submitted,

                                         McKENNA LONG & ALDRIDGE LLP

                                         By: _____
                                              Charles E. Dorkey III (CD-8422)
                                              S. Jane Moffat (SM-0912)
                                              230 Park Avenue
                                              Suite 1700
                                              New York, New York 10169
                                              (212) 905-8330

                                         *Attorneys for Plaintiffs Tammany*
                                         *Atkinson and Bee's Knees, Inc.*

NY:12050652

# EXHIBIT A

